**PAUL J. RIVIERE, V, ESQ., CO-OWNER,**
ADMITTED NJ

**JONATHAN D. SINGER, ESQ., CO-OWNER,**
ADMITTED NJ, NY

**DANIEL R. CRESCI, ESQ.,** IN MEMORIAM



222 SCHANCK ROAD
SUITE 201
FREEHOLD, NJ  07728

TELEPHONE   (732) 6 4 - NJLAW
FACSIMILE     (732) 358-0238
MOBILE          (908) 415-2188
EMAIL    jsinger@64njlaw.com
WWW.64NJLAW.COM

May 10, 2011

The Honorable Mary L. Cooper, U.S.D.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

   Re:    **Jerome White v. Freehold Borough, et al.**
            **Case No.:  3:11-cv-00722-MLC-TJB**

Dear Judge Cooper:

Please accept this letter brief in lieu of a more formal brief in response to the Order to Show Cause, for the above referenced matter.  I will rely on attorney's certification, attached hereto.

Jerome White, also known as, James green, has only one pending warrant.  It is from the municipality of Trenton and the warrant number is SF 20000188741111.  The date of the offense was August 30, 2000, and the charge was urinating in public.  At this time, no other criminal issues are pending in either Trenton or Freehold.  See, Certification of Attorney ("Cert."), ¶¶ 7-9.

Pursuant to Heck v. Humphrey, 512 U.S. 477, 487, 114 S. Ct. 2364 (1994), "[T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  However, the Court went on to say, "[I]f the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff,  the action should be allowed to proceed, in the absence of some other bar to the suit."  Id.

Assuming both the plaintiff and the plaintiff's attorney are correct in their statement that the above mentioned criminal complaint is the Plaintiff's only pending criminal matter in either Trenton or Freehold, there is no need to stay the above referenced civil proceeding.

The contention of the violation of 42 U.S.C. § 1983 is based upon the deprivation of properly effectuating arrest and reasonably accommodating the Plaintiff in connection with the same.  The Plaintiff was denied his due process rights afforded to him under the Fifth Amendment of the Constitution, and suffered damage in the form of constitutional deprivation, emotional anguish and distress.  As well, the Defendants purportedly inflicted

cruel and unusual punishment on Plaintiff, by, amongst other things, not providing him with an appropriate means and manner of effectuating arrest and otherwise violating the Sixth and Eighth Amendment to the Constitution which is actionable under 42 U.S.C. § 1983, deprived the Plaintiff of substantive due process guaranteed to him under the Fifth and Fourteenth Amendments which are actionable under 42 U.S.C. § 1983, and deprived the Plaintiff of equal protection of his rights guaranteed to him under the Fifth and Fourteenth Amendments which are actionable under 42 U.S.C. § 1983, and afford Plaintiff remedies.  See, Complaint, ¶¶ 28-32.  A finding in favor of the Plaintiff in this civil action would not invalidate the potential for a possible criminal conviction in the above mentioned criminal matter.  The Plaintiff's causes of action are based primarily on discrimination rather than wrongful conviction, or search and seizure issues.  Therefore, the Plaintiff would not be able to use the § 1983 claim as a basis to overturn any conviction related to the public urination charge.  Therefore, the civil matter should not be stayed.

Respectfully submitted,


/s/  Jonathan D. Singer
**Jonathan D. Singer, Esq.**


Cc:    John A. Camassa, Esq.