**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JEROME WHITE, | : | CIVIL ACTION NO. 11-722 (MLC) |
| Plaintiff, | : | **O P I N I O N** |
| v. | : | |
| FREEHOLD BOROUGH, et al., | : | |
| Defendants. | : | |

**THE COURT** ordering the plaintiff to show cause why the action should not be stayed and administratively terminated (dkt. entry no. 4, Order To Show Cause); and the plaintiff bringing this action, inter alia, to recover damages under 42 U.S.C. § ("Section") 1983 related to his arrest ("Arrest") by defendants who are police officers ("Federal Claims") (dkt. entry no. 1, Compl.); and the plaintiff alleging that he was arrested in the defendant Freehold Borough based on warrants issued by a court in Trenton, New Jersey ("Trenton Warrants") (id. at 3); and

**THE COURT** being concerned that (1) criminal charges related to the Trenton Warrants ("Trenton Charges") remain pending, or (2) criminal charges were brought and remain pending against the plaintiff due to the circumstances underlying the Arrest ("Freehold Charges"); and it appearing — pursuant to Heck v. Humphrey, 512 U.S. 477 (1994) — that (1) the Court must determine whether a Section 1983 claim, "if successful, would have the hypothetical effect of rendering [a] criminal conviction or

sentence invalid", and (2) if a judgment for a plaintiff on such a claim would necessarily imply the invalidity of a conviction, then the claim is barred until the conviction is overturned, Gibson v. Superint. of N.J. Dep't of Law & Pub. Safety, 411 F.3d 427, 451-52 (3d Cir. 2005) (citations and quotations omitted); and

**THE COURT** thus being concerned that if the plaintiff were successful on the Federal Claims, then an eventual underlying state criminal conviction could be rendered invalid; and it appearing that when a plaintiff brings a Section 1983 claim

> before [being] convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

Wallace v. Kato, 549 U.S. 384, 393-94 (2007); and

**THE COURT** thus ordering the plaintiff to (1) clarify whether there were any Freehold Charges issued against him, (2) clarify whether the Trenton Charges or Freehold Charges are pending, including any aspect thereof that is the subject of either an appeal or a review by any municipal or state court at any level, and (3) show cause why the action should not be stayed and administratively terminated pending the complete disposition of the Trenton Charges or the Freehold Charges; and the plaintiff in response opposing a stay and advising that there are no Freehold Charges, but admitting that one of the Trenton Charges remains pending (dkt. entry no. 5, Pl. Br. at 1); and the Court thus

2

intending to (1) grant the Order To Show Cause, and (2) stay and administratively terminate this action pending the disposition of the remaining charge from the Trenton Charges, including any aspect thereof that is the subject of either an appeal or a review by any municipal or state court at any level; and the Court advising the plaintiff to refrain from moving to reopen the action until the remaining charge from the Trenton Charges is fully resolved, and that he should submit the proper documentation in support of that potential motion, e.g., a final order disposing of the proceedings; and

**THE PLAINTIFF BEING ADVISED** that an order administratively terminating a federal action is not the equivalent of a dismissal of a complaint with prejudice, and is issued pursuant to the Court's inherent power to control the docket and in the interests of judicial economy, see Delgrosso v. Spang & Co., 903 F.2d 234, 236 (3d Cir. 1990) (stating administrative termination not final determination, as it "permits reinstatement and contemplates the possibility of future proceedings", and "does not purport to end litigation on the merits"); and for good cause appearing, the Court will issue an appropriate order and judgment.

                                                s/ Mary L. Cooper
                                                **MARY L. COOPER**
                                                United States District Judge

Dated: May 12, 2011